PROB 12C
(6/16)

Report Date: February 4, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 04, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Sheena K. Eller  Case Number: 0980 2:22CR00133-TOR-17

Address of Offender: ███████████████ Spokane, Washington 99207

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: December 21, 2023

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349 | |
| Original Sentence: | Prison - 6 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Earl Allan Hicks | Date Supervision Commenced: March 2, 2024 |
| Defense Attorney: | Nicolas V. Vieth | Date Supervision Expires: March 1, 2027 |

## PETITIONING THE COURT

To issue a summons.

On March 4, 2024, the offender's conditions of supervision were reviewed by the probation officer and she signed said conditions acknowledging an understanding of her requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #8:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: The offender is alleged to have violated special condition number 8 by failing to report for urinalysis testing on January 14, 2025.<br><br>On January 14, 2025, the probation officer instructed the offender to report to Pioneer Human Services (PHS) for urinalysis testing. She failed to report as directed. |
| 2 | **Special Condition #8:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

Prob12C
Re: Eller, Sheena K.
February 4, 2025
Page 2

**Supporting Evidence**: The offender is alleged to have violated special condition number 8 by failing to submit to urinalysis testing on January 15, 2025.

On January 15, 2025, the undersigned sent a text message to Ms. Eller instructing her to report to the U.S. Probation Office on that same date for urinalysis testing. She reported as directed; however, she was unable to provide a valid urine specimen. When she was told to wait in the office lobby until she was able to provide a sufficient sample, she insisted that she had to return to work or she would lose her job. Ms. Eller was informed by the undersigned that if she failed to provide a urine specimen, it would result in a violation of her supervision. The offender responded that she would "deal with the consequences" and she informed the probation officer that she was returning to work.

3   **Special Condition #8:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is alleged to have violated special condition number 8 by a ingesting controlled substances, methamphetamine, amphetamine and marijuana, on or about January 16, 2025.

On January 16, 2025, Ms. Eller reported to the U.S. Probation Office for urinalysis testing. Prior to the urinalysis collection, she informed the probation officer that she used marijuana approximately 1 week prior. A urine sample was thereafter collected and it was presumptive positive for methamphetamine and amphetamine. She initially denied use of said substances, but later admitted to the undersigned that she relapsed.

4   **Standard Condition #13:** You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence:** The offender is alleged to have violated standard condition number 13 by failing to follow the probation officer's instructions.

As noted in violation number 3, on January 16, 2025, Ms. Eller submitted a urinalysis test at the U.S. Probation Office that returned presumptive positive for illicit substances. At that time, she was instructed by U.S. Probation Officer Amber Andrade to contact the undersigned on January 17, 2025.

Ms. Eller failed to contact the probation officer on January 17, 2025, as instructed.

5   **Mandatory Condition #1:** You must not commit another federal, state or local crime.

6   **Standard Condition #9**: If you are arrested or have any official contact with a law enforcement officer in a civil or criminal investigative capacity, you must notify the probation officer within 72 hours.

**Supporting Evidence**: The offender is alleged to have violated mandatory condition number 1 and standard condition number 9 by driving on a suspended license third degree, in violation of RCW 46.20.342.1C, on or about January 17, 2025. Additionally, it is alleged that she violated her conditions of supervision by failing to notify the probation officer within 72 hours of law enforcement contact.

On January 17, 2025, the Washington State Patrol (WSP) contacted Ms. Eller and she was cited for speeding. It was also determined that she was driving on a suspended license, citation number 5A0124216, which has been referred to the county prosecutor.

Ms. Eller failed to notify the probation officer of her contact with law enforcement within 72 hours. When questioned regarding the above-referenced tickets, she admitted to driving on a suspended license.

| 7 | **Standard Condition #13:** You must follow the instructions of the probation officer related to the conditions of supervision. |

**Supporting Evidence:** The offender is alleged to have violated standard condition number 13 by failing to follow the probation officer's instructions.

On January 21, 2025, this officer attempted to contact Ms. Eller via telephone, but was unsuccessful. At that time, the probation officer left a voicemail for the offender instructing her to contact the undersigned by 4 p.m. on that same date.

Ms. Eller failed to contact the probation officer on January 21, 2025, as instructed.

| 8 | **Special Condition #8:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: The offender is alleged to have violated special condition number 8 by ingesting controlled substances, methamphetamine, amphetamine, fentanyl and marijuana, on or about January 23, 2025.

On January 23, 2025, Ms. Eller submitted a urine specimen at the U.S. Probation Office that returned presumptive positive for methamphetamine, amphetamine, fentanyl and marijuana. At that time, she admitted to using methamphetamine, but denied use of the other substances.

The urine specimen was thereafter sent to the national laboratory for further testing and it was confirmed positive for methamphetamine, amphetamine, fentanyl and marijuana.

| 9 | **Special Condition #8:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence:** The offender is alleged to have ingested a controlled substance, methamphetamine, on or about January 26, 2025.

On January 27, 2025, this officer spoke to the offender's treatment provider who stated that Ms. Eller submitted a urine specimen at their agency on that same date. She further advised that the offender admitted to ingesting methamphetamine on or about January 26, 2025.

On January 28, 2025, Ms. Eller reported to the U.S. Probation Office for a scheduled office appointment. At that time, she admitted to using methamphetamine on or about January 26, 2025.

Prob12C
Re: Eller, Sheena K.
February 4, 2025
Page 4

| | 10 | **Standard Condition #8:** You must not communicate or interact with someone you know if engaged in criminal activity. If you know someone who has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting permission from the probation officer. |

**Supporting Evidence:** The offender is alleged to have violated standard condition number 8, by knowingly communicating and interacting with a convicted felon.

On January 23, 2025, Ms. Eller reported to the U.S. Probation Office to discuss her relapse. At that time, she informed the probation officer that she relapsed due to a break-up with a boyfriend. She further disclosed that her ex-boyfriend is a convicted felon and she had ongoing contact with him from approximately March 2024 to January 2025.

Ms. Eller never received permission from the probation officer to have contact with this individual.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   February 4, 2025

s/Lori Cross

Lori Cross
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

Thomas O. Rice
United States District Judge
February 4, 2024
Date