PROB 12C
(6/16)

Report Date: September 15, 2026

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 16, 2026

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

ECF No. 1550

Name of Offender: Sheena K. Eller — Case Number: 0980 2:22CR00133-TOR-17

Address of Offender: [redacted] Spokane, Washington 99207

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: December 21, 2023

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349 | |
| Original Sentence: | Prison - 6 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(March 26, 2025) | Prison - 5 months<br>TSR - 31 months | |
| Asst. U.S. Attorney: | Brandon Lloyd Pang | Date Supervision Commenced: July 25, 2025 |
| Defense Attorney: | Federal Public Defender | Date Supervision Expires: February 24, 2028 |

---

## PETITIONING THE COURT

To issue a **warrant**.

On July 28, 2025, the offender's conditions of supervised release were explained by the probation officer and she signed said conditions acknowledging she understood her requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 13:** You must follow the instructions of the probation officer related to the conditions of supervision.<br><br>**Supporting Evidence:** The offender is alleged to have violated standard condition number 13, by failing to be present for a scheduled home contact on September 4, 2026.<br><br>On August 31, 2026, the offender was instructed to be at her residence on September 4, 2026, between 9:30 a.m. and 10 a.m. for a home contact.<br><br>On September 4, 2026, this officer attempted to contact the offender at her residence for the scheduled home contact; however, she was not present. |

2 **Special Condition # 10**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is alleged to have violated special condition number 10, by failing to submit to urinalysis testing at Pioneer Human Services (PHS) on or about September 10, 2026.

The probation officer received email correspondence from PHS indicating the offender failed to report for a random urinalysis test on September 10, 2026.

3 **Special Condition # 10**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** The offender is alleged to have violated special condition number 10, by tampering with a sweat patch that was applied on September 9, 2026.

On September 9, 2026, a sweat patch was applied on the offender. On that same date, she left a voicemail for this officer claiming the sweat patch got caught on her shirt and was completely peeled off her skin. This officer believes the offender tampered with the sweat patch given the strong adhesive that is used to apply the product. When questioned by the probation officer, Ms. Eller denied that she tampered with the sweat patch.

On September 14, 2026, Ms. Eller reported to the U.S. Probation Office for a scheduled appointment. She brought the sweat patch to the appointment, which was thereafter sent to PharmChem, Inc. for further testing. The results are currently pending.

4 **Special Condition # 10**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** The offender is alleged to have violated special condition number 10, by failing to provide a urine sample at the U.S. Probation Office on or about September 14, 2026.

On September 14, 2026, the undersigned instructed Ms. Eller to report to the U.S. Probation Office on that same date for urinalysis testing. She reported as directed; however, she failed to provide a valid urine sample.

5 **Standard Condition # 4**: You must be truthful when responding to the questions asked by the probation officer.

**Supporting Evidence**: The offender is alleged to have violated standard condition number 4, by being untruthful when questioned by the probation officer regarding her drug use on or about September 14, 2026.

On September 14, 2026, the probation officer questioned the offender about recent drug use. Ms. Eller was adamant she had not used illicit controlled substances.

As noted in violation number 6, on September 15, 2026, the offender admitted to the probation officer that she used methamphetamine a few days prior. As such, she was untruthful when questioned by the probation officer on September 14, 2026, regarding her drug use.

6 **Mandatory Condition # 3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence:** The offender is alleged to have violated mandatory condition number 3, by ingesting a controlled substance, methamphetamine, on or about September 15, 2026.

On September 15, 2026, Ms. Eller submitted a urine specimen at the U.S. Probation Office that was presumptive positive for methamphetamine. She initially denied drug use, but eventually admitted to the probation officer that she used methamphetamine. It should be noted, the urine specimen was also presumptive positive for marijuana; however, Ms. Eller stated she did not recall using said substance. The urine sample was thereafter sent to Abbott Laboratories for confirmation, and the results are pending.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 15, 2026

s/ Lori Cross

Lori Cross
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X ] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X ] Defendant to appear before the Magistrate Judge.
[ ] Other

Thomas O. Rice

Signature of Judicial Officer

September 16, 2026

Date